UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>    Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A.; CIT GROUP, INC.; FIRST AMERICAN LOAN STAR; DEUTSCHE BANK USA; TODD BELL AND MEG DEGROOTE,<br><br>    Defendants. | Case No: C 11-00518 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Dkt. 4, 36 |

    Plaintiff Kabita Choudhuri filed the instant pro se action against Wells Fargo Bank, N.A. ("Wells Fargo"), CIT Group, Inc., First American Loan Star, Deutsche Bank USA ("Deutsche Bank"), Todd Bell ("Bell") and Meg DeGroote ("DeGroote"), accusing them of having engaged in fraudulent mortgage practices.  The parties are presently before the Court on Defendants Wells Fargo, Deutsche Bank, Bell and DeGroote's Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 4. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

    On February 2, 2011, Plaintiff filed a four-page pro se Complaint in this Court against the aforementioned Defendants.  The Complaint alleges that on December 22, 2004, Plaintiff entered into a "mortgage contract" with Wells Fargo, and from that date until June 26, 2008, she allegedly attempted to resolve unspecified "fraud issues with the bank." Compl. at 2.  Plaintiff claims that in a separate state court lawsuit which she previously

filed against Wells Fargo and Bell (Marin County Super. Ct. No. CIV083115), she learned during the course of discovery that "Wells Fargo colluded within its own departments as well as with the other defendants named in this current action" to defraud her.  Id.; Defs.' Request for Jud. Notice. Ex. A-1.[1]  The allegedly fraudulent conduct consists of:

- falsely informing Plaintiff that she was not charged loan origination or other fees;
- falsely completing the anti-predatory worksheet;
- Inflating her income by 300% without her knowledge or consent;
- colluding with "CIT Group" to deny her a second loan "to place her finances in peril";
- fraudulently foreclosing on Plaintiff "[d]uring the period from April until September 2007";
- involving First American Loan Star "in a fraudulently devised foreclosure";
- posting a foreclosure notice on Plaintiff's gate even though she had obtained an injunction (presumably staying the foreclosure) from state court;
- misapplying Plaintiff's payments and then taking action to foreclose on her property; and
- "illegally" transferring title of her property to Deutsche Bank.

Compl. at 3-4.

Though Plaintiff alleges federal question jurisdiction on the basis of the Truth in Lending Act ("TILA"), she does not allege any actual claims in her Complaint.  She does, however, seek the following relief:

---

[1] Plaintiff's state court complaint alleges causes of action for fraud, breach of contract, predatory lending, fraudulent accounting, and a host of other claims.  Defs.' Request for Jud. Notice Ex. A.  In her opposition, Plaintiff claims, without any citation to the record, that the state court refused to consider Plaintiff's TILA claims on the ground that it lacked jurisdiction to consider such claims.  Pl.'s Opp'n at 2.  However, state courts are empowered to hear TILA claims.  See Alcarmen v. Citibank N.A., No. C-09-0853 EMC, 2009 WL 1330803, at *4 (N.D. Cal. May 13, 2009).  The status of the state court action is unclear.

> Plaintiff seeks to have the contract cancelled, a request she has been making since the inception of the contract. Wells Fargo Bank and any and all of its successors must be sanctioned for its fraudulent practices. They must be removed from the title to plaintiff's home. Plaintiff must be restored to the condition she was in before her unfortunate contact with Wells Fargo broker, Todd S. Bell[,] in December 2004. Plaintiff seeks recovery of the $1 million plus funds that were extorted from her by the defendants.

Compl. at 4.

Defendants Wells Fargo, Deutsche Bank, Bell and Degroote now move to dismiss Plaintiff's complaint under Rule 12(b)(6). Plaintiff has filed an opposition, and Defendants have filed a reply.[2] The matter is fully briefed and is now ripe for decision.

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss for failure to state a claim based on deficient pleading, a complaint must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). A pleading filed by a pro se plaintiff must be liberally construed. Balistreri, 901 F.2d at 699.

The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v.

---

[2] The law firm of Severson & Werson ("Severson") filed the instant motion on behalf of Wells Fargo, Deutsche Bank, Bell and DeGroote. Dkt. 4. On May 20, 2011, Severson filed a motion to withdraw as counsel for Bell and DeGroote, claiming that its appearance on their behalf was a mistake. Dkt. 32. On May 25, 2011, the Court denied Severson's motion without prejudice based on its failure to comply with Civil Local Rule 11-5. Dkt. 34. Despite the Court's denial of their motion to withdraw, Severson filed its reply brief only behalf of Wells Fargo and Deutsche Bank. Severson is reminded that unless and until the Court authorizes its withdrawal, Severson remains counsel of record for Bell and DeGroote.

National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  Ultimately, the allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotations and citation omitted).

### III.   DISCUSSION

#### A.   OVERVIEW OF TILA

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  15 U.S.C. § 1601(a); Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1118 (9th Cir. 2009).  The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, (1998).  TILA also requires the lender to disclose to borrowers their right to rescind or cancel a transaction. See 15 U.S.C. § 1635(a).  Generally, TILA applies only to consumer credit transactions, meaning loans "primarily for personal, family or household purposes."  15 U.S.C. § 1602(h).  Loans made for primarily business or commercial purposes are exempted from the provisions of TILA. 15 U.S.C. § 1603(1); see also id. § 1603 (setting forth transactions exempt from TILA).

TILA claims are cognizable against creditors, 15 U.S.C. § 1640(a), and assignees of creditors, 15 U.S.C § 1641(a); see Anderson Bros. Ford v. Valencia, 452 U.S. 205, 208 n.4 (1981).  An assignee is potentially liable, however, "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement[.]"

15 U.S.C. § 1641(a). In the event of a disclosure violation, a borrower may seek: (1) actual and statutory damages, 15 U.S.C. § 1640; and/or (2) rescission, id. § 1635(a).[3] A claim for damages must be brought "within one year from the date of the occurrence of the violation[.]" 15 U.S.C. § 1640(e); see Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required [TILA] disclosures occurred, if at all, at the time the loan documents were signed."). A consumer desiring to rescind the transaction must, within three days of consummation of the transaction or the delivery of the disclosure forms required under § 1635, notify the creditor of his intent to rescind. 15 U.S.C. § 1635(a). But if the creditor either fails to provide notice of the borrower's right of rescission, or fails to make a material disclosure, the three-day period is extended to three years. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002) (citing 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)).

### B. SUFFICIENCY OF THE ALLEGATIONS

Plaintiff's cursory allegations fail to state a claim for violation of TILA. First, of the six named defendants, only Wells Fargo appears to qualify as a creditor. As for the other defendants, no facts are alleged that would give rise to the inference that any of them was a creditor or assignee of a creditor, or otherwise had any responsibility for providing the requisite TILA disclosures. Indeed, most, if not all, of the conduct alleged against Defendant pertains to their allegedly "fraudulent" mortgage and foreclosure practices, rather than anything relating to TILA.

Second, Plaintiff fails to allege facts sufficient to establish that a TILA disclosure violation, in fact, occurred. In particular, Plaintiff does not specify what information and/or documents were not disclosed or inaccurately disclosed. In addition, Plaintiff ignores that TILA governs disclosures and notices provided at the time of loan origination. See 15 U.S.C. § 1638(b); 12 C.F.R. § 226.17(b). Since the only lender appears to be Wells Fargo,

---

[3] TILA allows for statutory damages only in certain situations, but provides for actual damages resulting from any violation of TILA's credit transactions provisions. 15 U.S.C. § 1640(a).

it would be unreasonable to infer any of the other defendants were involved in any alleged TILA violations that occurred at origination.  See In re Gilead Sciences Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)  (noting that on a motion to dismiss, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").  In addition, to the extent that Plaintiff is seeking actual damages, she must allege facts demonstrating that she detrimental relied upon an inaccurate or incomplete disclosure.  See Gold Country Lenders v. Smith, 289 F.3d 1155 (9th Cir. 2002).

Finally, even if Plaintiff had alleged sufficient facts to state a claim under TILA, her claim appears to be time-barred.  Any claim under TILA accrued on December 22, 2004, the date she consummated her transaction with Wells Fargo.  See Meyer, 342 F.3d at 902. Plaintiff had one year from that date to file a claim for damages and three years to seek rescission.  15 U.S.C. §§ 1640(e), 1635(f).  Yet, Plaintiff did not commence this action until January 20, 2011, over six years after her claims accrued.  Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper.  See Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Plaintiff argues that the statute of limitations should be tolled on the ground that she did not discover Defendants' "constructive fraud" until between September 2009 to December 2010, when she obtained unspecified discovery in connection with her state court lawsuit.  Pl.'s Opp'n at 3; Compl. ¶ 3. The Ninth Circuit has held that equitable tolling of claims for damages "may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures."  King v. State of Calif., 784 F.2d 910, 915 (9th Cir. 1986). The salient question is whether "the TILA violations alleged could ... have been discovered by due diligence during the one-year statutory period[.]"  Lingad v. Indymac Federal Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010).

Here, Plaintiff has failed to allege facts sufficient to invoke the shelter of equitable tolling.  While Plaintiff alludes to uncovering Defendants' allegedly fraudulent conduct

during the course of discovery in her state court action, she offers no facts suggesting that she lacked a reasonable opportunity to discover the alleged TILA violations within the year following the consummation of her loan on December 22, 2004. When a plaintiff fails to allege any facts "demonstrating that [she] could not have discovered the alleged violations by exercising reasonable diligence, dismissal is appropriate." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010). Accordingly, the Court dismisses Plaintiff's claim for damages under TILA, with leave to amend.

Unlike a TILA damages claim, a TILA rescission claim is not subject to equitable tolling. Rather, TILA imposes an absolute limitation on rescission actions that bars any claims filed more than three years after the consummation of the transaction. Miguel, 309 F.3d at 1164. Section 1635(f) is considered a "statute of repose" that "depriv[es] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Id. In this case, the statute of limitations for Plaintiff's rescission claim expired on December 22, 2007, three years after she entered into the loan agreement and over three years before she filed the instant action. Because Plaintiff did not attempt to rescind within the three-year limitations period, her right to rescind expired, and this Court lacks jurisdiction over any TILA rescission claim. Accordingly, Plaintiff's claim for rescission under TILA must be dismissed with prejudice.

### C.   OTHER MATTERS

The Court notes that Vericrest Financial, Inc. ("Vericrest"), as the successor in interest to The CIT Group/Consumer Finance, Inc. (erroneously sued as CIT Group Inc.), has filed a motion to dismiss, which is noticed for June 24, 2011. Dkt, 36. In view of the Court's ruling above, which dismisses the putative TILA claims alleged in the original complaint, Vericrest's motion is DENIED as moot.

### IV.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (Dkt. 4) is GRANTED. Plaintiff's claim for damages under TILA is DISMISSED with leave to amend, and her claim for rescission under TILA is DISMISSED without leave to amend.

2. Plaintiff shall file a First Amended Complaint within ten (10) days of the date this Order is filed. The failure to do so will result in the dismissal of this action, without further notice.

3. Defendant Vericrest's motion to dismiss (Dkt. 36) is DENIED as moot.

4. The Case Management Conference previously scheduled for June 14, 2011, is CONTINUED to **July 21, 2011, at 3:00 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare an updated joint Case Management Conference Statement. The joint statement shall be filed no later than ten (10) days prior to the conference and shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

5. This Order terminates Docket 4 and 36.

IT IS SO ORDERED.

Dated: June 14, 2011

SANDRA BROWN ARMSTRONG
United States District Judge

- 8 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CHOUDHURI et al,

      Plaintiff,

 v.

WELLS FARGO BANK N.A. et al,

      Defendant.
_____ /

Case Number: CV11-00518 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kabita Choudhuri
331 Richardson Way
Mill Valley, CA 94941

Dated: June 15, 2011

                            Richard W. Wieking, Clerk

                            By: LISA R CLARK, Deputy Clerk