UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; CIT GROUP, INC.; FIRST AMERICAN LOAN STAR; DEUTSCHE BANK USA; TODD BELL AND MEG DEGROOTE,<br><br>    Defendants. | Case No: C 11-00518 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL**<br><br>Dkt. 44 |

Plaintiff Kabita Choudhuri, acting pro se, filed the instant action against Wells Fargo Bank, N.A., among others, accusing them of having engaged in fraudulent mortgage practices, ostensibly in violation of the Truth in Lending Act ("TILA"). Plaintiff is now before the Court on her motion for court-appointed counsel. Dkt. 44.

"Generally, a person has no right to counsel in civil actions." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). However, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the instant case, there is no indication that Plaintiff is indigent within the meaning of 28 U.S.C. § 1915.  That aside, there are no exceptional circumstances that warrant the appointment of counsel.  The Court recently granted Defendants' motion to dismiss.  Although the Court granted Plaintiff leave to amend, her likelihood of success appears tenuous at this juncture.  And despite her pro se status, Plaintiff has been able to sufficiently articulate her claims in relation to the complexity of the issues presented.  Moreover, the record shows that Plaintiff has been acting pro se and prosecuting a separating state court action against Wells Fargo, further evidencing her ability to proceed in this action without counsel.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's motion for court-appointed counsel is DENIED.  This Order terminates Docket 44.

IT IS SO ORDERED.

Dated:  June 21, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1  
2  UNITED STATES DISTRICT COURT  
   FOR THE  
3  NORTHERN DISTRICT OF CALIFORNIA  

4  CHOUDHURI et al,

5                Plaintiff,

6    v.

7  WELLS FARGO BANK N.A. et al,

8                Defendant.
                                              /
9

10                                                Case Number: CV11-00518 SBA

11                                                **CERTIFICATE OF SERVICE**

12
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
13 Court, Northern District of California.

14 That on June 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

16

17

18
   Kabita  Choudhuri
19 331 Richardson Way
   Mill Valley,  CA 94941
20

21 Dated: June 22, 2011
                                         Richard W. Wieking, Clerk
22
                                                 By: LISA R CLARK, Deputy Clerk
23

24

25

26

27

28