UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO BANK, N.A.; CIT GROUP, INC.; FIRST AMERICAN LOAN STAR; DEUTSCHE BANK USA; TODD BELL AND MEG DEGROOTE,<br><br>　　　　Defendants. | Case No: C 11-00518 SBA<br><br>**ORDER**<br><br>Docket 46 |

　　　　On June 15, 2011, the Court granted Defendants' motion to dismiss (Dkt. 4) and granted Plaintiff leave to amend her claim for damages under the Truth in Lending Act ("TILA"). Plaintiff has submitted an ex parte request for an extension of time until August 1, 2011 to file her amended complaint. Dkt. 46. The amount of time requested by Plaintiff is excessive, and would unduly delay these proceedings. However, in consideration of Plaintiff's pro se status, and the lack of opposition from Defendants, the Court finds that a brief extension is warranted.

　　　　Plaintiff also requests that the Court "correct" its June 15, 2011 Order to indicate that the date she consummated her mortgage was December 22, 2005, not December 22, 2004. The Court declines to do so because there was no error. The Complaint expressly alleged that, "On December 22, 2004 Plaintiff signed a mortgage contract with Wells Fargo Bank." Compl. at 2. Based on that allegation, the Court concluded that Plaintiffs' claim for rescission was time-barred under the three year statute of repose set forth in 15 U.S.C. § 1635(f). See Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002).

　　　　In her motion, Plaintiff now claims that the Complaint's reference to December 22, 2004, was in error and that, in fact, the date of the transaction was December 22, 2005. In addition, Plaintiff claims that she timely rescinded by filing "a rescission claim" in state

court on June 26, 2008.  Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be "freely given when justice so requires."  Fed.R.Civ.P. 15(a)(2).  Rule 15 "is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  Therefore, Plaintiff is granted leave to amend to correct the date of her transaction with Wells Fargo Bank to December 22, 2005, and that she timely provided a notice of rescission.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's ex parte application is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's request to extend the deadline to file her amended complaint to August 1, 2011 is DENIED.  However, Plaintiff shall have until July 15, 2011, to file her First Amended Complaint.

3. Plaintiff's request for the Court to "correct" its June 15, 2011, Order is DENIED.  However, Plaintiff is GRANTED to leave to amend the allegations of her Complaint with respect to her claim for rescission under TILA to allege that the underlying transaction took place on December 22, 2005, and that she provided notice of rescission by filing said request in state court on June 26, 2008.

4. This Order terminates Docket 46.

IT IS SO ORDERED.

Dated:  June 24, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge