UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>       Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A.; CIT GROUP, INC.; FIRST AMERICAN LOAN STAR; DEUTSCHE BANK USA; TODD BELL AND MEG DEGROOTE,<br><br>       Defendants. | Case No:  C 11-00518 SBA<br><br>**ORDER** |

## I.      PLAINTIFF'S REQUEST FOR PERMISSION TO E-FILE

Pro se Plaintiff Kabita Choudhuri has filed a request for permission to e-file, claiming that it is too burdensome for her to drive from her home in Mill Valley, California, to Oakland, to file papers in this action.  Dkt. 8.  However, Plaintiff is not required to file her papers in person, and is free to mail her filings to the Court Clerk.  Accordingly, Plaintiff's request for permission to e-file is denied.

## II.     DEFENDANTS' FAILURE TO COMPLY WITH THE MEET AND CONFER REQUIREMENT

The Court's Standing Orders require the parties to meet and confer prior to filing any motion, and to certify that they have complied with this requirement.  The Court's Standing Orders, which all parties received on March 10, 2011, state, in relevant part:

**Meet and Confer Requirement**: All parties are expected to meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement. <u>The Court may disregard any papers submitted that do not comply with this rule</u>.

Dkt. 17 at 2 (emphasis added).

For the meet and confer obligations to serve their purpose, it is essential "that parties treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." <u>Nevada Power v. Monsanto</u>, 151 F.R.D. 118, 120 (D.Nev. 1993). Judicial intervention should only occur when either informal negotiations have reached an impasse on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or provide specific support for its claims. <u>Id.</u>

On July 11, 2011, Defendants Wells Fargo Bank, N.A., Deutsche Bank USA, Todd S. Bell and Meg DeGroote (collectively "WFB Defendants") filed a motion to dismiss, which they noticed for hearing on October 18, 2011. In their motion, WFB Defendants allege: "The undersigned counsel attempted to have Plaintiff dismiss the claims against Moving Defendants before filing this motion by means of an email to Plaintiff on July 8, 2011. There was no response to that email by the time this motion was filed." Def.'s Mot. to Dismiss at 1, Dkt. 51.

On July 15, 2011, Vericrest Financial, Inc., successor in interest to The CIT Group/Consumer Finance, Inc. (erroneously sued as The CIT Group) and CIT Group Inc. (collectively "CIT Defendants") filed a motion to dismiss and a motion to strike, which they noticed for hearing on August 23, 2011, a date which the Court's on-line calendar indicates is unavailable. Dkt. 57, 60.[1] There is no certification in either motion that the CIT Defendants met and conferred with Plaintiff prior to filing their motions.

---

[1] The Clerk subsequently continued the motion to October 25, 2011. Dkt. 63.

The Court finds that neither the WFB Defendants nor the CIT Defendants properly satisfied the Court's meet and confer requirement prior to filing their respective motions. The WFB Defendants merely sent Plaintiff a single email on July 8, 2011, and filed their motion three days later after failing to receive a response from Plaintiff.  At a minimum, Defendants should have made a further effort to contact her by telephone or mail.  With respect to the CIT Defendants, there is no indication that they made any effort whatsoever to meet and confer with Plaintiff prior to filing their motions.  Accordingly, the Court finds that Defendants filed their motions in contravention of the Court's Standing Orders, and therefore, disregards the motions.  The Court, however, will afford the Defendants an opportunity to refile their motions, if necessary, after they first meet and confer in good faith with Plaintiff.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.     Plaintiff's request for permission to e-file is DENIED.

2.     WFB Defendants and CIT Defendants' respective motions shall be STRICKEN from the record.  Specifically, the Clerk shall strike the following documents: Dkt. 51, 52, 56, 57, 58, 59, 60, 61 and 62.

3.     Should Defendants desire to renew their motions, they shall first conduct a face-to-face or telephonic meet and confer regarding all issues to be adjudicated in each such motion and certify in writing that they have done so.  Any renewed motion and opposition thereto may not exceed fifteen (15) pages and the reply may not exceed ten (10) pages.  CIT Defendants' motions to dismiss and strike shall be set forth in a single memorandum, subject to the foregoing page limits.  Any renewed motion shall be filed by no later than August 9, 2011; any opposition shall be filed by August 23, 2011; and any reply shall be filed by August 30, 2011.  The hearing on Defendants' renewed motions, if filed, will take place on **October 25, 2011, at 1:00 p.m.**  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court may adjudicate some or all of the motions without oral argument.  The parties are advised to consult the Court's website to determine whether an appearance is necessary.  The Case Management Conference will

follow the hearing on the motions.  However, in the event the Court adjudicates the motions

without oral argument, the Case Management Conference will be continued accordingly, if

appropriate.

   IT IS SO ORDERED.

Dated:  July 18, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


CHOUDHURI et al,

        Plaintiff,

  v.

WELLS FARGO BANK N.A. et al,

        Defendant.

_____/

                         Case Number: CV11-00518 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Kabita  Choudhuri
331 Richardson Way
Mill Valley,  CA 94941


Dated: July 19, 2011

                         Richard W. Wieking, Clerk

                         By: LISA R CLARK, Deputy Clerk